## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

JOHNNIE DEMOND JACKSON,    :
    :
       Plaintiff,    :
    :
v.    :    Case No. 5:25-cv-234-TES-AGH
    :
    :
Warden VERONICA STEWART,    :
*et al.*,    :
    :
       Defendants.    :
_____    :

### ORDER & RECOMMENDATION OF DISMISSAL

*Pro se* Plaintiff Johnnie Demond Jackson filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. When he filed the complaint, Plaintiff was a prisoner in Washington State Prison in Davisboro, Georgia, *see id.*, but he subsequently filed a notice of change of address, which appears to indicate that he has been released. ECF No. 6.

Plaintiff also moved for leave to proceed *in forma pauperis*. ECF No. 2. As discussed below, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis* absent allegations showing that he was in imminent danger of serious physical injury when he filed that complaint. Because Plaintiff's allegations do not demonstrate imminent anger, it is **RECOMMENDED** that his motion to proceed *in forma pauperis* be **DENIED** and this action be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion to replace a party (ECF No. 5) is **GRANTED**. It is **RECOMMENDED** that his remaining motions (ECF Nos. 4 & 7) be **DENIED AS MOOT**.

## ANALYSIS

The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g), concluding that it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *See Daker v. Jackson*, 942 F.3d 1252, 1257-1259 (11th Cir. 2019).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that since 2018, Plaintiff filed over twenty federal lawsuits and appeals and that more than three of these have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.,* Order,

*Jackson v. Baisden*, Appeal No. 21-13004 (11th Cir. Feb. 16, 2022), ECF No. 22 (dismissing appeal as frivolous); Order, *Jackson v. Hutcherson*, Case No. 1:18-cv-00110-LAG-TQL (M.D. Ga. Sept. 26, 2018), ECF No. 15 (dismissed for failure to state a claim); Order, *Jackson v. Evans*, Case No. 1:21-cv-00045-WLS-TQL (M.D. Ga. July 12, 2021), ECF No. 12 (same); Order, *Jackson v. Hayes*, Case No. 1:21-cv-00116-LAG-TQL (M.D. Ga. Dec. 16, 2021), ECF No. 24 (same); Order, *Jackson v. Grace*, Case No. 1:21-cv-00087-LAG-TQL (M.D. Ga. Dec. 28, 2021), ECF No. 13 (same); Order, *Jackson v. Derebail*, Case No. 1:21-cv-00137-LAG-TQL (M.D. Ga. Oct. 11, 2022), ECF No. 21 (same).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless the allegations in his complaint demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Atty's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"). Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998); *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) (citing

3

*Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ("General assertions… are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'")). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his complaint, Plaintiff alleges that he is in imminent danger of serious physical injury for three reasons. ECF No. 1 at 5-8. First, Plaintiff asserts that he has Hepatitis C, for which he has been denied treatment. *Id.* at 5. Second, Plaintiff contends that he was attacked by gang members on an unspecified date. *Id.* at 6-7. And third, Plaintiff states that he was assaulted by another inmate on February 21, 2025. *Id.* at 8.

Plaintiff signed his complaint on May 27, 2025, and noted on that form that he was scheduled to be released thirteen days later, on June 10, 2025. *Id.* at 2, 9. A review of the Georgia Department of Corrections Inmate Search confirms that Plaintiff was released on that date. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https:// https://perma.cc/8U4J-UW87] (searched GDC ID Number for "1015744") (last visited July 31, 2025).

To satisfy the imminent danger exception, an inmate must show that he was in imminent danger "at the time he filed his complaint." *Smith v. Dewberry*, 741 F.

App'x 683, 686 (11th Cir. 2018) (citing *Medberry*, 185 F.3d at 1193). In *Owens v. Schwartz*, 519 F. App'x 992 (11th Cir. 2013), the Eleventh Circuit concluded that a plaintiff failed to show imminent danger when, after the complaint was filed, the plaintiff was transferred out of the facility where the events underlying the complaint occurred. Conversely, in another unpublished case, the Eleventh Circuit held that a prisoner's transfer did not affect the "imminent danger analysis, as that analysis focuses on whether [the plaintiff] alleged an imminent danger at the time his complaint was filed." *Smith*, 741 F. App'x at 687 n.3.

A magistrate judge on this Court has since concluded that *Owens* and *Smith* may be reconciled by considering that "[t]he notion of 'filing of a complaint' . . . can be a term of art referring to the period in which a court resolves a plaintiff's request to proceed *in forma pauperis*." *Wright v. Ward*, No. 5:20-cv-332-MTT-CHW, 2021 WL 12313298, at *2 (M.D. Ga. May 24, 2021). The Court noted that, in *Owens*, the transfer occurred during that early period, whereas the transfer in *Smith* occurred much later. *Id.* Thus, when a transfer or release occurs during the initial review period of a case, the fact that the plaintiff is no longer in imminent danger may disqualify the plaintiff for the exception to the three strikes rule. *See id.*

Here, Plaintiff's release from custody thirteen days after filing the complaint, before this Court had an opportunity to consider Plaintiff's motion to proceed *in forma pauperis*, arguably demonstrates that he was not in imminent danger at the time of filing the complaint. *See id.*; *see also Owens*, 519 F. App'x at 994. Thus, the Court could deny Plaintiff's motion to proceed *in forma pauperis* and dismiss this case on

5

that basis. Regardless, assuming that Plaintiff's release alone does not remove Plaintiff from the imminent danger exception, the complaint should still be dismissed because, as discussed below, Plaintiff's complaint does not demonstrate that he was in imminent danger when it was filed.

Returning to Plaintiff's allegations of imminent danger, Plaintiff first asserts that he suffers from Hepatitis C, for which he has been denied treatment. Hepatitis C is a serious disease, and the withdrawal of treatment for such a condition may form the basis of a claim of imminent danger. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Plaintiff's allegations, however, lack any specific factual support to demonstrate a genuine emergency.

Plaintiff asserts that he has been denied treatment for Hepatitis C and has suffered symptoms as a result, but he provides no information whatsoever regarding when he allegedly contracted this disease, how or when he was diagnosed, what treatment he previously received for the disease, or what efforts he made at Washington State Prison to try to get treatment. *See* ECF No. 1 at 5. Plaintiff also does not make any allegations regarding when he began suffering from the symptoms he allegedly experienced from lack of treatment, nor does he allege any specific facts relating to his experience with those symptoms. *See id.* Instead, he makes only broad and general allegations that he has this disease and has suffered symptoms due to lack of treatment. These vague and general allegations are insufficient to show that Plaintiff qualifies for the imminent danger exception to the three-strikes rule. *See White*, 157 F.3d at 1231.

6

In his second argument, Plaintiffs asserts that he was assaulted by gang members. ECF No. 1 at 6. Although he does not say when the assault occurred, his allegations necessarily show that it happened sometime in the past. Plaintiff does not allege any facts to demonstrate that the purported threat that led to that incident was ongoing such that he continued to be in danger in the remaining two weeks he was to be in prison. Likewise, in the third contention, Plaintiff alleges that he was assaulted by another inmate in February 2025. Again, he does not include any facts to show an ongoing threat related to that incident. Thus, Plaintiff's second and third arguments relate to past incidents, which do not satisfy the imminent danger standard. *See Medberry*, 185 F.3d at 1193. It is therefore **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that his complaint be **DISMISSED WITHOUT PREJUDICE**. Alternatively, even if Plaintiff's complaint were found to allege imminent danger of serious physical injury, dismissal is still appropriate because Plaintiff fails to state a claim.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael*

*v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).  On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (citations omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker*, 999 F.3d at 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

8

U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Plaintiff's Allegations

First, Plaintiff asserts that he has Hepatitis C, for which he has been denied treatment. ECF No. 1 at 5. Plaintiff states that the disease has caused him to have high fevers, weight loss, "all sorts of allergies and nausea and loss of appetite." *Id.* Plaintiff claims that Defendant Warden Veronica Stewart is responsible as she is in charge of his "care, treatment, and housing." *Id.* But in a subsequent filing[1], Plaintiff states that he wants to dismiss all claims against Warden Stewart and replace her with "the Municipal Health Service Company Centurian." ECF No. 5 at 1.

---

[1] This filing is a motion to amend to replace Defendant Warden Stewart with Centurian. ECF No. 5. Because Plaintiff is entitled to amend his complaint at this stage of the proceeding, the motion is **GRANTED**, and Plaintiff's claims are considered as to Centurian rather than as to Defendant Stewart.

Second, Plaintiff alleges that certain officers at Washington State Prison failed to protect him relating to two assaults. ECF No. 1 at 6-8. Plaintiff states that he was first assaulted by a group of gang members, *id.* at 6-7, and later assaulted by another inmate. *Id.* at 8. Plaintiff fails to factually relate these assault claims to the Hepatitis C medical claims. For the reasons discussed below, Plaintiff's complaint is subject to dismissal.

A.    Improper Joinder

Plaintiff's claims that he was assaulted are not properly joined with his claim that he has untreated Hepatitis C. The only defendant that Plaintiff names in connection with his Hepatitis claim is Centurian. Plaintiff does not allege any facts suggesting that Centurian would be a defendant in the assault claims. Thus, these claims involve separate defendants.

Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of defendants only when the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Here, nothing in the complaint demonstrates that these alleged assaults were part of "the same transaction, occurrence, or series of transactions or occurrences" as Plaintiff's claim that he has been denied healthcare for Hepatitis C. Thus, the defendants other than Centurian are not properly joined in this action and the assault claims against those defendants should be dismissed for improper joinder. *See* Fed. R. Civ. P. 21 (permitting a court to drop a party that is not properly joined).

10

B.    <u>Deliberate Indifference</u>

In his remaining claim, Plaintiff attempts to allege deliberate indifference to a serious medical need.  To state such a claim for deliberate indifference, a plaintiff must allege: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). To state a claim against a prison's medical services contractor, a prisoner must allege that the contractor had a custom or policy that caused the constitutional violation at issue.  *Massey v. Montgomery Cnty. Det. Facility*, 646 F. App'x 777, 780 (11th Cir. 2016) (citing *Monell v Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

Here, Plaintiff asserts that he was denied treatment for Hepatitis C.  Although Hepatitis C may constitute a serious medical need, Plaintiff does not allege any facts to show that any particular person knew about that need and deliberately disregarded a risk of harm to Plaintiff.  Instead, Plaintiff makes only generic allegations of a denial of care.  Even if he had alleged deliberate indifference on the part of an individual, Plaintiff does not assert any facts showing that such deliberate indifference resulted from a custom or policy of Centurian.  Therefore, his allegations are insufficient to state an Eighth Amendment violation.  Accordingly, if Plaintiff's complaint is not dismissed under the three-strikes rule, it is alternatively **RECOMMENDED** that it be **DISMISSED WITHOUT PREJUDICE** for improper joinder and failure to state a claim.

## MOTIONS

Plaintiff filed two additional motions that have not yet been addressed.  The first is a motion to file an affidavit from a witness to supplement his claim about the alleged assault by another inmate.  ECF No. 4.  The second is a motion to supplement his complaint with additional allegations as to an officer in relation to the alleged assault by another inmate.  ECF No. 7.  Because it is recommended that that claim be dismissed either because Plaintiff has not established imminent danger or because the claim is improperly joined to Plaintiff's claim that he has been denied treatment for Hepatitis, it is **RECOMMENDED** that these motions be **DENIED AS MOOT**.

## CONCLUSION

Thus, as set forth above, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that his complaint be **DISMISSED WITHOUT PREJUDICE** under the three-strikes rule.  Alternatively, it is **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** for improper joinder and failure to state a claim.  Plaintiff's motion to replace a party (ECF No. 5) is **GRANTED**.  It is **RECOMMENDED** that his remaining motions (ECF Nos. 4 & 7) be **DENIED AS MOOT**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of the Order & Recommendation.  Any objection is limited in length to **TWENTY (20)**

**PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

        **SO ORDERED and RECOMMENDED**, this 8th day of August, 2025.

                 *s/ Amelia G. Helmick*
                 UNITED STATES MAGISTRATE JUDGE