# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHNNIE JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>Warden VERONICA STEWART, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:25-cv-00234-TES-AGH |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Johnnie Jackson filed a Motion for Reconsideration on October 10, 2025. [Doc. 13]. In it, he asks the Court for "leave for his motion for consideration to Ammend [sic] this above-entitled [sic] case or so to timely Appeal it." [Doc. 13, p. 2]. For the following reasons, Plaintiff's requested relief is **DENIED**.

### 1.  Background

Plaintiff filed a Complaint and a Motion for Leave to Proceed *In Forma Pauperis* on June 2, 2025. [Doc. 1]; [Doc. 2]. The case was referred to the Magistrate Judge, who issued an Order and Report and Recommendation on August 8, 2025. [Doc. 8]. This Court adopted the Report and Recommendation on September 5, 2025. [Doc. 9]. Plaintiff filed a Motion for Extension of Time to Object on September 22, 2025. [Doc. 11]. This Court denied that motion the same day. [Doc. 12]. Plaintiff filed the motion at issue on October 10, 2025. [Doc. 13].

### 2.  Discussion

Pursuant to this Court's local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.6, M.D. Ga. Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't Transp.*, No. 7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). Importantly, a motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court how it 'could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas Cobb's History, Inc. v. U.S. Army Corps Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

Here, Plaintiff has not alleged anything to make reconsideration appropriate. Plaintiff says he "unintentionally missed his filing date due to the fact he had not received any paperworks [sic] nor any electronic filing numbers to keep up with the case." [Doc. 13, p. 1]. Plaintiff claims he was homeless and had his cell phone stolen, so he had no way of contacting or being contacted by the Court. [*Id.* at 1–2]. However, the Court mailed the Report and Recommendation to the address Plaintiff provided. [Doc. 12]; *Smith v. Phelps*, No. 5:12-cv-160, 2013 WL 5657706, at *1 n.1 (M.D. Ga. Oct. 15, 2013) ("It is the Plaintiff's duty to keep this Court informed as to his current address"). There is nothing in the record

to indicate it was undeliverable. In fact, Plaintiff "correctly listed the date of the [Magistrate Judge's Report and Recommendation]" on his later-filed Motion for Extension of Time, which indicates that Plaintiff "received [the Report and Recommendation], and/or learned of it." [Doc. 12]. Plaintiff previously did not rebut this presumption, nor has he rebutted it here. [Doc. 12]; [Doc. 13]. The Court has already addressed Plaintiff's claims, and upon review of his most recent filing, he cannot demonstrate that reconsideration is necessary. *Bryant*, 2010 WL 2687590, at *1.

In addition to reconsideration, Plaintiff also requested "leave to appeal." [Doc. 13, p. 2]. However, Plaintiff does not need leave to appeal since the Court already entered Judgment. *See* Fed. R. App. P. 4(a); [Doc. 10].[1] Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration and his requested relief of leave to appeal. The Judgment filed on September 8, 2025, shall remain in place.

**SO ORDERED**, this 15th day of October, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is not entirely clear what Plaintiff is asking for. To the extent he is asking for a certificate of appealability, that is limited to habeas corpus cases. *See e.g. Kuenzel v. Allen*, 488 F.3d 1341, 1343 (11th Cir. 2007). This is a 28 U.S.C. § 1983 case, not a habeas corpus case, so a certificate of appealability is not appropriate. [Doc. 1]. Plaintiff could also be asking for leave to appeal *in forma pauperis*. However, such a request requires Plaintiff to attach an affidavit to the motion that, among other things, states his inability to pay. Fed. R. App. P. 24(a). Plaintiff did not attach such an affidavit. [Doc. 13-1]. Therefore, the Court assumes Plaintiff is simply asking for permission to appeal the dismissal, which he does not need. Fed. R. App. P. 4(a).

3